UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23963-DPG

LISETTE YAQUES and
JOSE VICTORERO,

    Plaintiffs,

v.

ZHENZHEN LIN, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendants', Bank of America, N.A. ("BANA") and JPMorgan Chase Bank, N.A. ("Chase") (collectively, "Bank Defendants"), Joint Motion to Dismiss Amended Complaint (ECF No. 58). Plaintiffs filed a Response in Opposition (ECF No. 59), to which Bank Defendants filed a Reply (ECF No. 62). The matter was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for Report and Recommendation on any dispositive matters. (ECF No. 48). Having reviewed the Motion to Dismiss, Plaintiffs' Response (ECF No. 59), Defendants' Reply (ECF No. 62), heard arguments of the parties at a hearing held on April 11, 2024, and being otherwise duly advised on the matter, the undersigned recommends that the Motion to Dismiss be **GRANTED, in part**, as follows.

1

## I. BACKGROUND

Lisette Yaques and Jose Victorero (collectively, "Plaintiffs") allege that Defendants Zhenzhen Lin ("Lin"), along with "Unknown Co-Conspirators" (together, the "Conspirators") defrauded them of $69,335.00.[1]  Plaintiffs also sue Chase—Plaintiffs' banking institution—and BANA—the bank through which the Conspirators received Plaintiffs' funds.

In June of 2022, Yaques received an email purporting to be from Best Buy's Geek Squad, stating she was enrolled in an automatic subscription to Geek Squad's services for $696.00. Yaques, believing the email to be authentic, called the phone number at the bottom of the email to cancel the subscription.  The Conspirators answered the phone, impersonating the Best Buy Geek Squad customer service.

Under the representation that they were correcting a mistake in Geek Squad's automatic renewal system, Yaques granted the Conspirators remote access to her computer and then her bank account.  Through this remote access, the Conspirators transferred money to Plaintiffs' checking account from their savings account.  Pointing to the new sum in Plaintiffs' checking account, the Conspirators represented to Yaques that Geek Squad mistakenly over-refunded her by $69,300.00. The Conspirators threatened that Yaques could be arrested if she failed to follow their directions: Yaques was to visit her bank, Chase, and wire $69,300.00 to the Geek Squad's BANA bank account (in reality, owned by Lin).  Yaques did just that; after explaining the situation to her banker, Yaques authorized Chase to wire the funds to Lin's bank account.  Yaques was charged a $35.00 fee for conducting the transfer and was given no warning from her banker at Chase that this may be a scam.

---

[1] The facts are derived from Plaintiffs' Amended Complaint (ECF. No. 51). On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *Perlman v. Bank of Am., N.A.*, No. 11-80331-CV, 2011 WL 13108060, at *4 (S.D. Fla. Dec. 22, 2011).

It was not until approximately three hours later—when Yaques explained the situation to her husband, Victorero—that the Plaintiffs realized they were scammed. When Victorero explained that they were victimized and their accounts compromised, Chase canceled Plaintiffs' accounts. Despite Plaintiffs working with Bank Defendants to claw back the funds from Lin's account, they never recovered their $69,300.00 or the $35.00 fee associated with the wire transfer.

Plaintiffs now bring this case against Lin (the owner of the BANA account to which Yaques wired the funds); Lin's Unknown Conspirators; Lin's banking institution, BANA; and Plaintiffs' banking institution, Chase. Plaintiffs bring the following claims: Count I, Violations of the Federal Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. § 1962 against all Defendants; Count II, Fraud against all Defendants; Count III, Civil Conspiracy against all Defendants; Count IV, Negligence against Chase; and Count V, Negligence against BANA.

Bank Defendants now move to dismiss each count. Lin has not joined Bank Defendants' Motion to Dismiss.

**II.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts sufficient to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the Plaintiffs' favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371,

1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998).

Although a plaintiff need not provide "detailed factual allegations," a complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

However, in actions sounding in fraud, a plaintiff must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). "[U]nder Rule 9(b), the Plaintiffs must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997). Civil RICO actions, such as those alleged by Plaintiff, must also meet the specificity requirement under Rule 9(b). *In re Cascade Int'l Sec. Litig.*, 840 F. Supp. 1558, 1582 (S.D. Fla. 1993), *on reconsideration*, 894 F. Supp. 437 (S.D. Fla. 1995).

**III.   DISCUSSION**

Bank Defendants argue that the First Amended Complaint is subject to dismissal. First, Bank Defendants argue that Count I should be dismissed because it fails to allege that Bank Defendants engaged in the RICO activities. Second, Bank Defendants argue that Plaintiffs' claim for fraud in Count II should be dismissed for failure to plead in compliance with the heightened pleading standard. Third, Bank Defendants argue that Plaintiffs' claim for civil conspiracy in

Count II should be dismissed for failure to allege an overt act in furtherance of the conspiracy. Finally, Bank Defendants argue that Plaintiffs' respective claims for negligence should be dismissed for the following reasons: (i) Count V should be dismissed because BANA does not owe a duty to Plaintiffs; (ii) Counts V and VI are pre-empted by Article 4 of the Uniform Commercial Code ("UCC").

In response Plaintiffs argue that: (i) at the time of the transaction, Chase and Plaintiffs were in a creditor-debtor relationship such that Chase now had a duty to safeguard Plaintiffs' money while in transition; (ii) BANA failed to follow the proper protocols in monitoring its own customers; and (iii) Plaintiffs' RICO and civil conspiracy claims are adequately pled in so far as they allege Bank Defendants knew or should have known their banking systems were being used in furtherance of the fraud scheme and, but for the Bank Defendant's negligence, Plaintiffs would not have been victimized.  *See* (ECF No. 59).

   A.   **Preemption Under Article 4 of the Uniform Commercial Code**

Bank Defendants claim that Counts V and VI fail to state a cause of action because Plaintiffs' claims are pre-empted by Article 4 of the UCC which, in Defendants' view, creates Plaintiffs' exclusive remedy.  The Court disagrees.

Florida has adopted the UCC's banking statutes. *Peter E. Shapiro, P.A. v. Wells Fargo Bank, N.A.*, 352 F. Supp. 3d 1226, 1229 (S.D. Fla. 2018), *aff'd*, 795 F. App'x 741 (11th Cir. 2019); *see also* Fla. Stat. § 670.207.  "Parties whose conflict arises out of a funds transfer should look first and foremost to Article 4–A for guidance in bringing and resolving their claims." *Regions Bank v. Provident Bank, Inc.*, 345 F.3d 1267, 1274 (11th Cir. 2003) (quoting *Sheerbonnet, Ltd. v. Am. Express Bank, Ltd.*, 951 F.Supp. 403, 407 (S.D.N.Y.1995)) (internal quotation marks omitted).

Bank Defendants' Motion would have the Court read Article 4 of the UCC as foreclosing any cause of action not enumerated in the statute. However, the Eleventh Circuit has ruled against such a strict reading of available causes of action. In *Regions Bank v. Provident Bank, Inc.*, the Eleventh Circuit reasoned that "the only restraint on a plaintiff is that 'resort to principles of law or equity outside of Article 4A is not appropriate to create rights, duties and liabilities inconsistent with those stated in this Article.'" 345 F.3d at 1275 (quoting U.C.C. § 4A–102 cmt.).

With regard to BANA's argument, the Eleventh Circuit explicitly stated that:

> Article 4A is silent with regard to claims based on the theory that the beneficiary bank accepted funds when it knew or should have known that the funds were fraudulently obtained. Therefore, a provision of state law that requires a receiving or beneficiary bank to disgorge funds that it knew or should have known were obtained illegally when it accepted a wire transfer is not inconsistent with the goals or provisions of Article 4A. The U.C.C. supports this conclusion.

*Id*.

Therefore, insofar as Defendants' Motion seeks a finding that Plaintiffs' common law claims are preempted by the UCC, the Court recommends that the Motion be denied.

### B. Negligence against BANA

BANA argues that, because Plaintiffs were not BANA's customers, it did not owe Plaintiffs a duty which could support their claim of negligence. The Complaint alleges that BANA "had a duty to know its customers and shut down accounts used for the purpose of perpetrating crimes," which it breached when it failed to close Lin's account. (ECF No. 51 at ¶¶ 84–85). In response to Defendants' Motion, Plaintiffs argue that BANA "knew or should have known that Lin was up to no good," and that BANA did not follow "proper protocols in monitoring its own customers in violation of the [K]now [Y]our [C]ustomers [A]ct."[2] (ECF No. 59 at 4).

---

[2] While Plaintiffs make this argument in their Response, they make no such allegations in the Amended Complaint itself. *See generally* (ECF No. 51).

6

"To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. Cty of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001). "Duty exists as a matter of law and is not a factual question for jury to decide." *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 947 (11th Cir. 2014) (internal quotations omitted).

The Court agrees that the Complaint fails to set out what duty BANA owes *to Plaintiffs* as non-customers. Rather, the facts alleged show that Plaintiffs did not have a special relationship with BANA. *See Rosenfeld Gallery, LLC v. Truist Bank*, No. 23-CV-20422, 2024 WL 836789, at *5 (S.D. Fla. Feb. 28, 2024); *see also Wiand v. Wells Fargo Bank, N.A.*, 938 F. Supp. 2d 1238, 1247 (M.D. Fla. 2013) ("banks generally do not owe non-customers a duty to protect them from fraud perpetrated by customers."). Further, to the extent the Plaintiffs' allegations attempt to invoke the "Know Your Customers Act," as their response avers (ECF No. 59 at 4), Plaintiffs' Complaint does not provide BANA with adequate notice of the same.

In the Motion, BANA relies on *Megaval Entrs., Ltd. v. Bank of Am., N.A.*, for the proposition that BANA does not owe a duty of care to non-customers. No. 14-20909-CIV, 2014 WL 12609318, at *4 (S.D. Fla. Oct. 8, 2014). While *Megaval* supports that general rule, the *Megaval* court did not foreclose the plaintiff of the opportunity to amend its pleading. Indeed, the court dismissed the plaintiff's complaint without prejudice, with the instruction that "should Plaintiff elect to file an amended complaint, the amended complaint should provide for the existence of the duties Plaintiff seeks to impose." *Id.* at *7. Accordingly, the Court recommends that Count V be dismissed, without prejudice.

### C. Negligence against Chase

Plaintiffs' Complaint alleges that Chase had a "general duty to act reasonably under the circumstances" and breached that duty when it failed to warn Plaintiff Yaques that the subject transaction could be part of a fraud scheme, failed to immediately recall the wire less than three hours after the wire was sent, and failed to issue a suspicious activity report to the Department of Justice. (ECF No. 51 at ¶¶ 75–76).

Chase argues that Plaintiffs fail to state a cause of action under Article 4(a) of the UCC. Having decided that Florida's adoption of the UCC does not *per se* articulate Plaintiffs' exclusive remedy, *supra* sub-section A, the Court analyzes the sufficiency of Plaintiffs' negligence allegations.

In their response to Bank Defendants' Motion, Plaintiffs state, without legal support, that Chase "owed an absolute duty to Plaintiffs to recover their money" once they were instructed to cease and recall the wire. (ECF No. 59). On the contrary, "Florida law does not require banking institutions to investigate transactions." *Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904, 907 (11th Cir. 2012). Plaintiffs also argue that Chase was in a creditor-debtor relationship with Plaintiffs such that "Chase had a duty to safeguard Plaintiffs' money when in transition because it is no longer property of the bank." (ECF No. 59 at 4). The Complaint does not go so far as to allege this, or any duty other than the general duty to act reasonably under the circumstances. The Court is not satisfied that such vague allegations are sufficient to state a claim for negligence on these facts. As such, the Court recommends that Count IV be dismissed, without prejudice.

### D. Violations of the Federal Racketeering Influenced Corrupt Organizations Act Against Both Bank Defendants

Count I alleges violations of the Federal Racketeering Influenced Corrupt Organizations Act (18 U.S.C. § 1343) and provides that "[t]his Count is against Defendant(s) Zhenzhen Lin and

8

Unknown Co-conspirators ('hereinafter RICO DEFENDANTS')." (ECF No. 51 at ¶ 51). There, Plaintiffs purport to plead the elements of a RICO claim against the Conspirators. Plaintiffs go on to allege that BANA knew or should have known that Lin was "operating his bank account for the sole purpose of engaging in Fraud or Criminal activity." (ECF No. 51 at ¶ 60). Finally, they claim that Chase and BANA's negligence "aided and abetted Lin and the Unknown co-conspirators' violations of 18 U.S.C. § 1962(5)[sic]." (ECF No. 51 at ¶ 61). Among their arguments, Bank Defendants argue that Plaintiffs fail to allege a predicate act for liability under the RICO statutes. Bank Defendants also argue that negligent conduct cannot form the basis for Civil RICO liability.

The Court agrees with Defendants—and Plaintiffs conceded during oral argument—that Plaintiffs cannot show that Bank Defendants on these facts were in an enterprise with the Conspirators. "To state a claim under RICO a plaintiff must allege each of the following four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotations omitted) (citing *Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)). "Civil RICO actions must also meet the specificity requirement under Rule 9(b)." *In re Cascade Int'l Sec. Litig.*, 840 F. Supp. 1558, 1582 (S.D. Fla. 1993), *on reconsideration*, 894 F. Supp. 437 (S.D. Fla. 1995).

In their Response to Bank Defendants' Motion, Plaintiffs stated that they "have no cause of action for Aiding and Abetting." (ECF No. 59 at 6). Rather, the Complaint attempts to plead that Bank Defendants aided and abetted the conspiracy by way of their purported negligence. (ECF No. 51 at ¶ 61). However, Plaintiffs cannot allege that Bank Defendants aided and abetted while avoiding the pleading requirements associated with such a claim. Accordingly, absent allegations of any predicate acts on the part of Bank Defendants, the Court recommends that Count I be denied, without prejudice as to these Defendants.

### E. Fraud Against Both Bank Defendants

In Count II, Plaintiffs bring a claim of fraud under Florida common law against the Conspirators, Chase, and BANA. Bank Defendants argue that the Count does not meet the heightened pleading standard required by Federal Rule of Civil Procedure 9(b). Under Rule 9(b), the Complaint must state:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007). This heightened pleading standard goes towards the purpose of alleging the elements of fraud: "(1) misrepresentation of material fact; (2) by someone who knew or should have known of the statement's falsity; (3) with intent that the representation would induce another to rely and act on it; and (4) injury suffered in justifiable reliance on the representation." *Zarrella v. Pac. Life Ins.*, 755 F. Supp. 2d 1218, 1224 (S.D. Fla. 2010).

The allegations of this count, however, focus squarely on the actions of the Conspirators; Bank Defendants are **only** referenced in the Wherefore clause. *See* (ECF No. 51 at ¶¶ 62–68). In the absence of any factual allegations, Plaintiffs have not articulated any grounds to support a claim for fraud as to these two Defendants. Accordingly, Count II should be dismissed, without prejudice for failure to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard.

### F. Civil Conspiracy Against Both Bank Defendants

Bank Defendants argue that Plaintiffs' claim for civil conspiracy should be dismissed for failure to allege an overt act in furtherance of the conspiracy. Plaintiffs' claim for civil conspiracy against Bank Defendants is premised on the allegation that Bank Defendants knew or should have

known they were "aiding and abetting" the Conspirators fraud and violations of RICO, and "negligently allowed the RICO violations to occur." (ECF No. 51 at ¶ 72).

Florida law requires a Plaintiff stating a claim for civil conspiracy to allege "(1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in pursuance of the conspiracy, and (4) damage to plaintiff as a result of the acts done under the conspiracy." *JAWHBS, LLC v. Arevalo*, No. 15-CV-24176, 2017 WL 1345141, at *9 (S.D. Fla. Apr. 12, 2017) (quoting *Philip Morris USA, Inc. v. Russo*, 175 So. 3d 681, 686 n.9 (Fla. 2015)). "Under Florida law, the causes of action of fraud and civil conspiracy both require scienter." *Banco Latino Int'l v. Gomez Lopez*, 95 F. Supp. 2d 1327, 1336 (S.D. Fla. 2000). Civil conspiracy is a derivative claim that must be based upon an underlying actionable claim. *JAWHBS, LLC*, 2017 WL 1345141, at *9. Where a civil conspiracy claim is based in fraud, the Plaintiff must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1320 (S.D. Fla. 2014).

As a preliminary matter, because Plaintiffs' underlying claims for fraud and RICO violations fail to state a claim, their derivative civil conspiracy fails with them. However, the Court also agrees that Plaintiffs' claim fails to allege an overt act on the part of Bank Defendants outside of legal conclusions such as "aiding and abetting" and "negligently allowing."

Therefore, the Court recommends that Count III of Plaintiffs' Complaint be dismissed, without prejudice.

IV. **RECOMMENDATIONS**

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendants' Joint Motion to Dismiss (ECF No. 58) be **GRANTED, in part** and that Counts I through V be dismissed, without prejudice. A party shall serve and file written objections, if any,

11

to this Report and Recommendation with the Honorable Darrin P. Gayles, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) days** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

    **RESPECTFULLY SUBMITTED** in Chambers, in Miami, Florida this 31st day of May, 2024.

                                                                                     _____
                                                                                     LAUREN F. LOUIS
                                                                                     UNITED STATES MAGISTRATE JUDGE